IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| EUGENIO LOPEZ RODRIGUEZ, § § Petitioner, § § v. § § DIRECTOR, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | 2:17-CV-236-Z |

### ORDER ADOPTING IN PART AND REJECTING IN PART
### THE FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND
### DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court are the findings, conclusions and recommendation of the United States Magistrate Judge to deny the Petition for a Writ of Habeas Corpus (ECF No. 28) filed by petitioner in this case. On January 4, 2021, the Director objected to the reasoning of the FCR even though he agrees with the Magistrate Judge's ultimate disposition. ECF No. 29. Plaintiff filed for and was granted an extension of time to file objections but failed to do so. ECF Nos. 30, 31. After making an independent review of the pleadings, files, and records in this case, the Court agrees with the Director's Objections. Accordingly, it is ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge are ADOPTED IN PART and REJECTED IN PART. The Petition for a Writ of Habeas Corpus is DENIED.

Petitioner, a state prisoner, filed his habeas petition challenging, in essence, his denial of parole by Texas because of detainers placed on him by New Mexico. The Magistrate Judge determined Petitioner's suit should be considered under 28 U.S.C. § 2241 rather than 28 U.S.C.

§ 2254, because, although Petitioner is a state prisoner, Petitioner was "attacking the manner in which a sentence is carried out." FCR at 4 (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). The FCR also cited to the New Mexico District Court Transfer Order which also stated it would analyze the case under Section 2241. ECF No. 3 at 1 (citing *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000) and *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)). But the cases cited in the FCR and the Transfer order all involve *federal* prisoners who must file under either Section 2241 or Sections 2255 depending on the facts of the particular case.

Three statutes, 28 U.S.C. §§ 2241, 2254, and 2255 affect a federal district court's ability to issue the Great Writ. Section 2241 confers jurisdiction when either a federal or a state court prisoner establishes that he "is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254 supplies strict statutory requirements to state court prisoners who are "in custody *pursuant to the judgment of a State court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).[1] The FCR held only Section 2241 applied to this case but that is in conflict with the statute and the Fifth Circuit's decision in *Hartfield v. Osborne*, 808 F.3d 1066 (5th Cir. 2015).

When a district court is analyzing a habeas claim of a state court prisoner, "it is the nature of the state court prisoner's confinement, not the type of challenge, that determines which statute to apply." *Miller v. Stephens* No. 2:14-CV-103, 2017 WL 3142402, at *3 (N.D. Tex. June 15, 2017), *adopted by* No. 2:14-CV-0103, 2017 WL 3130330 (N.D. Tex. July 21, 2017). Well-

---

[1] 28 U.S.C. § 2255 applies only to individuals in custody pursuant to a federal conviction and sentence. This section allows collateral attacks on federal sentences. When a district court is analyzing a habeas claim of a federal prisoner, the type of habeas claim determines which statute to apply. If a federal prisoner challenges the fact or duration of his confinement but does not challenge his original conviction or sentence, then 28 U.S.C. § 2241 applies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (comparing § 2241 with § 2255). But when a federal prisoner challenges his original conviction or sentence, he must use 28 U.S.C. § 2255 to collaterally attack his conviction. *United States v. Hayman*, 342 U.S. 205, 72 (1952). As explained below, this distinction *does not apply* to prisoners held "pursuant to a judgment of a State court."

established principles of statutory construction provide that when two statutes cover the same situation, the more specific statute should prevail. ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 183 (2012). The Supreme Court has recognized that Section 2254 places restrictions on the exercise of jurisdiction under Section 2241. "Authority to grant habeas relief to state prisoners is limited by Section 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" *Felker v. Turpin*, 518 U.S. 651, 662 (1996). Consequently, while Section 2241 does grant authority to district courts to consider state court prisoner's habeas claims, the more specific statutory provisions and requirements of Section 2254 apply in cases whenever the person is in custody pursuant to a state court judgment.[2] Here, Petitioner is being held in Texas prison pursuant to a state court judgment. Thus, the requirements of Section 2254 apply to his habeas petition.

This accords with the Fifth Circuit's opinion in *Osborne*. There, the Fifth Circuit noted that Section 2254 "is not an independent avenue through which petitioners may pursue habeas relief." *Osborne*, 808 F.3d at 1073. Thus, the real "question is not whether his petition may be recharacterized as brought under Section 2254, but whether Section 2254 applies to his petition in addition to Section 2241." *Id.* And the "plain language of Section 2254" applies whenever a prisoner is held pursuant to a judgment of a state court. *Id.* Accordingly, Section 2254 applies here.

Nevertheless, the Court agrees with the FCR insofar as Petitioner's habeas petition should be denied. Under either the judicially created exhaustion requirement of Section 2241 or the statutory exhaustion requirement of Section 2254, Petitioner has failed to exhaust his state remedies. That reason alone suffices to deny the petition.

---

[2] "In cases where a state court prisoner is in custody on some other basis, such as pre-trial confinement, custody awaiting extradition, or other forms of custody where no state court conviction and judgment has issued or provides the basis of the state prisoner's confinement, then Section 2241 would arguably apply to those state court prisoners." *Miller*, 2017 WL 3142402, at *3.

Furthermore, although the FCR analyzed Petitioner's claim under the more lenient abuse-of-the-writ doctrine applicable to Section 2241 petitions, the same analysis results in Petitioner's claims being barred by the second and successive limitation of Section 2244(b)(2). FCR at 8–12. The cognizability analysis likewise has the same outcome under either Section 2241 or Section 2254. *Id.* at 12–13. Accordingly, it is ORDERED that the findings, conclusions, and recommendations of the Magistrate Judge are ADOPTED IN PART and REJECTED IN PART and the Petition for a Writ of Habeas Corpus is DENIED.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability because petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court ADOPTS and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendation filed in this case in support of its finding that petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

If petitioner files a notice of appeal, he may proceed *in forma pauperis* on appeal. *See* ECF No. 11; Federal Rule of Appellate Procedure 24(a)(3).

**SO ORDERED.**

January 27, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE